IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM H. LABONTE,

          Plaintiff,

   v.

JOHN H. FORADORA, in his official
capacity as Judge of the Court of Common
Pleas of Jefferson County, Pennsylvania;
RICHARD W. LONG, in his official capacity
as Chief Counsel to the Pennsylvania Judicial
Conduct Board; and TOM WOLF, in his
official capacity as Governor of the
Commonwealth of Pennsylvania,

          Defendants.

2:21-CV-00743-CCW

## OPINION DISMISSING COMPLAINT

Plaintiff William Howard Labonte, who is proceeding *pro se* and *in forma pauperis*, ECF No. 5, filed a short form complaint seeking redress for alleged violations of his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986.  ECF No. 6.  Because the Court granted Plaintiff permission to proceed *in forma pauperis*, it will now consider whether it must dismiss his Complaint pursuant to the screening provisions of 28 U.S.C. § 1915.

### I.  Introduction

Plaintiff's Complaint alleges that Defendant Wolf, in his capacity as Governor of Pennsylvania, appointed Defendant Foradora to serve on Pennsylvania's Court of Judicial Discipline.  ECF No. 6 at 4;  ECF No. 6-1 at 3 ("Governor [T]om [W]olf must have been aware of who he was appointing ([J]ohn [F]oradora) to the disciplinary board of Pennsylvania and that his appointed (sic) would raise constitutional concerns.").  According to Plaintiff, Judge Foradora's

position on the Court of Judicial Discipline violates Plaintiff's civil rights by depriving him of due process because Judge Foradora is the only judge on the Court of Common Pleas of Jefferson County, Pennsylvania and his position on the Court of Judicial Discipline suggests that he could exert undue influence on appellate judges who might otherwise overturn his rulings. *See generally*, ECF No. 6;  ECF. No. 6-1 at 3;  ECF No. 6-2 at 1.

Plaintiff's Complaint briefly references a legal dispute related to trespass, property damage, eminent domain, fraud, and potentially other causes of action regarding which Plaintiff contacted Judge Foradora in February 2020.  ECF No. 6 at 4;  ECF No. 6-2 at 1.  Attached to the Complaint is a letter from Defendant Foradora to Plaintiff dated March 19, 2020 that states it is in response to a letter from Plaintiff dated March 15, 2020.  ECF. No. 6-4.  Plaintiff's March 15, 2020 letter is not attached to the Complaint or otherwise in the record.  Defendant Foradora's March 19, 2020 letter states only as follows:

> Dear Mr. Labonte:
>
> I am in receipt of your letter, dated March 15, 2020.
>
> I am not permitted to give legal advice.  I will add that the address of 539 Jimtown Road, Brookville, PA 15825 is in Jefferson County, Pennsylvania, as such is subject to the jurisdiction of this court if an appropriate legal action is filed.
>
> Thank you.
>
> Sincerely,
>
> [Defendant Foradora's signature].

ECF No. 6-4.  As to Defendant Long, chief counsel to the Judicial Disciplinary Board, Plaintiff claims that Defendant Long "must have been fully aware that Judge John Foradora was the only sitting judge in [J]efferson [C]ounty presiding over all [litigants]."  ECF No. 6-1.

## II.    Legal Standard

Article III of the United States Constitution grants federal courts jurisdiction to hear "cases" and "controversies." U.S. CONST. art. III.  Even where subject matter jurisdiction is proper, courts must review complaints filed by individuals who are proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2).   A reviewing court "shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue of (B) the action or appeal (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(A)–(B).  The screening procedures provided by § 1915(e) apply to all *in forma pauperis* complaints, "not simply those filed by prisoners."  *Atamain v. Burns*, 236 Fed.Appx. 753, 755 (3d Cir. 2017).

When determining the sufficiency of a *pro se* complaint, the court must construe the complaint liberally in favor of the *pro se* plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Alston v. Parker*, 363 F.2d 229,234 (3d Cir. 2004).  The court "must accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a complaint under § 1915(e) to determine whether it is sufficient to state a claim, the court applies the same standard that applies to Rule 12(b)(6) motions.  *See e.g.*, *Powell v. Hoover*, 956 F.Supp. 565, 569 (M.D. Pa. 1997).  The Rule 12(b)(6) standard requires the Court to accept as true all of the factual allegations in the complaint and view them in the light most favorable to the non-movant.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp*. *v. Twombly*, 550 U.S. 544, 555

(2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id*. Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

### III.    Discussion

The Court must dismiss the Plaintiff's Complaint against Defendants Foradora and Wolf pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because they are immune from liability for money damages by judicial immunity and sovereign immunity respectively. The Court must also dismiss the Plaintiff's Complaint with respect to Defendant Long under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim against him for which the Court can grant relief.

#### A.    Defendants are Immune from Suit

Plaintiff's Complaint criticizes Defendant Wolf's decision to appoint Defendant Foradora to the Court of Judicial Discipline because, Plaintiff claims, the appointment creates the appearance of impropriety and risks granting Defendant Foradora greater and improper influence over appeals judges, especially since he is the only judge in the Court of Common Pleas of Jefferson County, Pennsylvania. *See generally*, ECF No. 6. Plaintiff seeks $1 million in damages from each defendant for a total of $ 3 million. ECF No. 6-3.

Because Plaintiff sued Defendant Foradora in his official capacity, Defendant Foradora is entitled to judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Judges are entitled to absolute judicial immunity which is "overcome in only two sets of circumstances, either

for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions though judicial in nature, taken in the complete absence of all jurisdiction." *Nemeth v. Office of the Clerk of the Superior Court*, 837 Fed.Appx. 924, 928 (3d Cir. 2020) (per curiam) (unpublished).  Since neither of those circumstances exist here, Judge Foradora is entitled to judicial immunity from suit and the Court must dismiss the Complaint against him under 42 U.S.C. § 1915(e)(2)(B)(iii).

Similarly, Plaintiff sued Defendant Wolf in his official capacity as Governor of Pennsylvania.  *See generally*, ECF No. 6.  Defendant Wolf is entitled to sovereign immunity to civil rights lawsuits under 42 U.S.C. § 1983.[1]  *See e.g.*, *Hussein v. New Jersey*, 403 Fed.Appx. 712 (3d Cir. 2010) (unpublished);  *see also*, *Waterfront Comm'n of N.Y. Harbor v. Governor of J.J.*, 961 F.3d 234, 239–40 (3d Cir. 2020).  Therefore, the Court must also dismiss the Complaint against Defendant Wolf under § 1915(e)(2)(B)(iii).

## B.    The Complaint Fails to State a Claim Against Defendant Long

Plaintiff also sued Defendant Richard Long in his official capacity as Chief Counsel to the Pennsylvania Judicial Conduct Board.  *See* ECF No. 6 at 2.  The Judicial Conduct Board is "an independent board within the Judicial Branch" of the Commonwealth of Pennsylvania.  §42 Pa. C.S. §§ 2101.  Chief Counsel to the Board of Judicial Conduct is an official of Pennsylvania's judicial branch. *Fake v. Pennsylvania*, Civil No. 1:17-cv-002242, 2018 U.S. Dist. LEXIS 48435,

---

[1] Plaintiff's Complaint checked the box that he is pursuing a civil-rights claim under § 1983.  *See* ECF No. 6 at 3.  In the "Certification and Close" section of his Complaint, Plaintiff referred to and attached 42 U.S.C. §§ 1985 and 1986, which are criminal provisions for conspiracy to interfere with civil rights and action for neglect to prevent conspiracy, respectively.  *See* ECF No. 6 at 6;  ECF No. 6-5 at 1–2.  Neither of those criminal statutes provides for a private right of action so that private citizens can prosecute others for potential violations of them.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 279–86 (2002);  *see also*, *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.");  *e.g.*, *Williams v. Wolf*, Civil Action No. 2:20-cv-00061, 2020 U.S. Dist. LEXIS 131272, at *16 (W.D. Pa. July 21, 2020) (recommending dismissing § 1985 and § 1986 claims by a private pro se plaintiff against Governor Wolf for lack of standing), *adopted as opinion of the court*, 2020 U.S. Dist. LEXIS 8600 (W.D. Pa. Jan. 15, 2021).  Therefore, any claim against Defendant Wolf or any other Defendant in this case under §1985 or §1986 is not cognizable.

at *19–20 (M.D. Pa. Mar. 22, 2018), *aff'd.*, 758 Fed.Appx. 307 (3d Cir. 2018).  According to the Supreme Court, suing defendants in their official capacity is "only another way of pleading an action against an entity of which an officer is an agent."  *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978).  The real party at interest in an official-capacity lawsuit is the entity of which the officer is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Eleventh Amendment to the United States Constitution bars suits under § 1983 against the Commonwealth, including the Judicial Branch.  U.S. Const., amend. XI.  *Ellis v. Berks Cty. Police Dep't*, 2021 U.S. Dist. LEXIS 87632, at *16–17 (E.D. a. May 7, 2021) (Chief Counsel to the Judicial Conduct Board has Eleventh Amendment immunity from suit);  *Fake*, 2018 U.S. Dist. LEXIS 48435 at *18–19;  *Lokuta v. Slalemi,* Civ. A. No. 13-288, 2013 U.S. Dist. LEXSI 145997, 2013 WL 5570227, at *9 (M.D. Pa. Oct. 9, 2013);  *Vacek v. Pa. Judicial Conduct Bd.*, C.A. No. 08-221Erie, 2010 U.S. Dist. LEXIS 86974, at *23 (W.D. Pa. Aug. 3, 2010).  Therefore, as Chief Counsel to the Judicial Conduct Board, Defendant Long has immunity from suit.  *See Fake*, 2018 U.S. Dist. LEXIS 48435, at 18–20 (dismissing a § 1983 claim against the Chief Counsel to the Judicial Conduct Board because Eleventh Amendment immunity applied to that position.).  Accordingly, the claims against him, as well as those against Defendants Foradora and Wolf, must be dismissed.

IV.    **Conclusion**

For the above reasons, the Court must dismiss the Plaintiff's Complaint.  The Third Circuit mandates that "district courts in this circuit must grant leave to amend before dismissing a *pro se* civil rights complaint, even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason."  *Tate v. Morris Cty. Prosecutor's Office*, 284 Fed.Appx. 877, 879 (3d Cir. 2008);  *see also*, *Arthur v. Maersk*, 434 F.3d 196, 204 (3d Cir. 2006).  In the context of leave to amend a pleading, futility means "that the complaint, as amended,

6

would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Liti.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Here, amendment would be futile, in light of Defendants' immunity from suit. *See e.g.*, *Green v. Robinson*, No. 01-4291, 112 Fed.Appx. 165 (3d Cir. 2004); *Walker v. Clark*, C.A. no. 21-252(MN), 2021 U.S. Dist. LEXIS 125102, at * 7–8 (D. Del. July 6, 2021); *Passarella v. Stackow*, Civil Action No. 21-718, 2021 U.S. Dist. LEXIS 74279, at *13 (E.D. Pa. Apr. 19, 2021) (dismissing an *in forma pauperis* complaint against a defendant with judicial immunity with prejudice because amendment would be futile); *Lemmons v.* Rudd, Case No. 1:20-cv-12, 2020 U.S. Dist. LEXIS 165344, at *5 (W.D. Pa. Sept. 9, 2020) (Lanzillo, U.S.M.J.), *adopted*, 2020 U.S. Dist. LEXIS 180231, at *2 (W.D. Pa. Sept. 30, 2020) (Baxter, U.S.D.J.) (dismissing an *in forma pauperis* complaint with prejudice against a defendant with prosecutorial immunity under § 1915(e)(2) because amendment would be futile); Farrow *v. Pa. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 173645, at *6 (W.D. Pa. Dec. 14, 2016) (dismissing a complaint with prejudice against an defendant with Eleventh Amendment immunity because amendment would be futile). Therefore, the Complaint will be dismissed with prejudice and without leave to amend.

An appropriate order will follow.

DATED this 19th day of July, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record